FERRELL, APPELLANT, *v.* STANDARD OIL COMPANY OF OHIO ET AL., APPELLEES.

[Cite as Ferrell *v.* Standard Oil Co. (1984), 11 Ohio St. 3d 169.]

(No. 83-1563—Decided June 20, 1984.)

*Ms. Mary Jo Cusack,* for appellant.

*Messrs. Squire, Sanders & Dempsey, Mr. Michael J. Hickey, Mr. Robert H. Gillespy* and *Mr. Edward Cavezza,* for appellee Standard Oil Company.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Bradley J. Finn,* for appellees Administrator and Industrial Commission.

CLIFFORD F. BROWN, J. The sole issue raised by this appeal is whether the overruling of a motion to dismiss an appeal filed in the court of common pleas pursuant to R.C. 4123.519 is a final, appealable order within the meaning of R.C. 2505.02. We hold that it is not.

R.C. 2505.02 provides in pertinent part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

The trial court's order overruling appellant's motion to dismiss the

employer's appeal does not conform to any aspect of this definition. Appellant's argument that the denial of his motion is a final, appealable order centers on the nature of R.C. 4123.519, the statute governing appeals of Industrial Commission decisions to the court of common pleas. Appellant advances the theory that R.C. 4123.519 is a "special statute," thus making an appeal pursuant to that statute a "special proceeding." For the following reasons, we disagree.

In determining whether the order below was one "made in a special proceeding," several considerations arise. The availability and practicability of an appeal at the conclusion of a case is one such consideration. *State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34, 37. Of equal importance is the avoidance of needless or delaying appeals which clog court calendars and impede the prompt administration of justice. *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258 [21 O.O.3d 158]. These two competing factors must be balanced to determine whether the reduction of judicial efficiency caused by the allowance of an appeal at this stage is justified by the urgency of the appellant's need for review. *Id.* at 258.

It is quite clear from the foregoing that the order in the instant cause was not one made in a "special proceeding" within the meaning of R.C. 2505.02. First, if the case in the court of common pleas concludes adversely to appellant, an appeal to the court of appeals is readily available and fully practicable. Secondly, an appeal at this stage is not so necessary to the continuing viability of appellant's case as to justify the delay and the attendant consumption of judicial resources that allowance of an appeal would entail.

Moreover, the order, to be considered final and appealable, must also affect a substantial right. Appellant argues that the order in the instant cause so qualifies because he is now required by R.C. 4123.519 to either allege jurisdiction in the court of common pleas or face the possibility of forfeiting his right to participate in the State Insurance Fund, a right which he is currently enjoying.

While it is true that R.C. 4123.519 requires the claimant to file a petition setting forth the basis for the jurisdiction of the court over the action,[1] we fail to see the basis for appellant's contention that he will be compelled to concede that jurisdiction exists regardless of his objections thereto, or face the termination of benefits. The appellant's right to continue receiving com-

---

[1] R.C. 4123.519 provides in pertinent part:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * *"

pensation remains intact throughout the pendency of the appeal.[2] If appellant objects to the jurisdiction of the court of common pleas, all the usual avenues for challenging it are open to him. He can move for summary judgment or dismissal on this ground pursuant to Civ. R. 56 or 12(B). He can set forth his jurisdictional defenses in his complaint. Thus, appellant's argument that the order affected a substantial right, in that he will inevitably be forced to concede jurisdiction or risk losing his benefits, must be rejected.

It is apparent, therefore, that the trial court's order overruling appellant's motion to dismiss the employer's appeal was not an order affecting a substantial right made in a special proceeding, and thus does not comport with that portion of R.C. 2505.02 making such orders final and appealable.

We also reject as groundless appellant's argument that the trial court's order qualified as "[a]n order affecting a substantial right * * * which in effect determines the action and prevents a judgment" within the meaning of R.C. 2505.02. Clearly, the order did not determine the action, as the merits of the employer's appeal have yet to be addressed. Nor did it prevent a judgment. The appeal simply will be allowed to proceed, and appellant is free to pursue the judgment he desires by any and all lawful means. Appellant's contention that the filing of the petition required by R.C. 4123.519 will "determine the action" on the issue of jurisdiction is fallacious, since all the recognized strategies and defenses to contest jurisdiction are at his disposal.

In conclusion, we hold that an order overruling a motion to dismiss an appeal to the court of common pleas pursuant to R.C. 4123.519 is not a final, appealable order within the meaning of R.C. 2505.02. The court of appeals was, therefore, correct in ruling that it was without jurisdiction to hear the cause.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J.P. CELEBREZZE, JJ., concur.

---

[2] R.C. 4123.519 provides in part:

"An appeal from a decision of the commission or any action filed in a case in which an award of compensation has been made shall not stay the payment of compensation under such award or payment of compensation for subsequent periods of total disability during the pendency of the appeal. * * *"