[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON MOTION FOR RECONSIDERATION
Pursuant to App.R. 26, defendants-appellees, Willow Park Convalescent Home, Inc., Abraham Schwartz and Sally Schwartz ("non-state appellees"), have filed a motion for reconsideration of this court's opinion and judgment entry rendered in this case on September 9, 1999. See Crestmont Cleveland Partnership v. Ohio Dept. of Health (Sept. 9, 1999), Franklin App. No. 98AP-1272, unreported (1999 Opinions 3404). In that opinion, we held that the trial court correctly applied the jurisdictional priority rule in dismissing plaintiff-appellant's, Crestmont Cleveland Partnership's, claims for declaratory and injunctive relief against appellees related to the ownership or disposition of a certificate of need. We held, however, that the jurisdictional priority rule did not preclude appellant's separate claim for injunctive relief against the Ohio Department of Health and its director, William Ryan (collectively, "ODH"). As such, we affirmed in part and reversed in part for further consideration of appellant's claim against ODH.
The test generally applied to a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was not considered at all or was not fully considered by the court when it should have been. Matthews v. Matthews (1981),5 Ohio App.3d 140. Appellees submit that we erred in reversing the trial court's dismissal of appellant's claim against ODH because: (1) the trial court dismissed appellant's claim against ODH on the grounds of mootness, not upon the jurisdictional priority rule; and (2) appellant did not assign as error the trial court's dismissal of its claim against ODH. We disagree.
First, the trial court did not dismiss appellant's claims against ODH on the grounds of mootness. Rather, the trial court denied ODH's separate motion to dismiss on grounds of mootness. "An issue is moot when a determination can have no practical effect on the existing controversy." State v. Holloway (Sept. 17, 1998), Franklin App. No. 97APA05-622, unreported (1998 Opinions 4185, 4197) (Lazarus, J., concurring separately.) Here, having already concluded that it did not have jurisdiction over the entire action because of the jurisdictional priority rule (the legal basis of the non-state appellees' motion to dismiss), the trial court determined that it need not address ODH's motion. In particular, the trial court stated:
 Since this Court has declined jurisdiction in this matter, motion to dismiss of defendants Ryan and ODOH need not be decided as this matter is rendered moot by the above decision. Thus, the motion of defendants William Ryan and the Ohio Department of Health to dismiss is hereby DENIED as moot.
Thus, contrary to appellees' contention here, the trial court dismissed appellant's entire complaint, including appellant's claim against ODH, on the basis of the jurisdictional priority rule.
Second, appellant's single assignment of error was not limited to only the trial court's resolution of appellant's claims against the non-state appellees. Rather, appellant's assignment of error broadly stated that "[t]he trial court erred as a matter of law in granting the non-state appellees' motion to dismiss under Ohio Civil Rule 12(B)(1)." As discussed above, the trial court's resolution of the non-state appellees' motion to dismiss included the dismissal of appellant's entire complaint, including its claim against ODH. Moreover, since the trial court denied ODH's motion to dismiss, appellant had no reason, nor legal basis, to appeal that decision. See, generally, Ferrell v. Standard Oil Co. (1984), 11 Ohio St.3d 169 (denial of motion to dismiss is not a final appealable order). Rather, appellant could only appeal the trial court's granting of appellees' motion to dismiss.
Appellees have not raised an obvious error in our prior decision, nor have they raised an issue that was not previously considered. Accordingly, we deny appellees' motion for reconsideration.
Motion for reconsideration denied.
DESHLER and TYACK, JJ., concur.