OPINION
Plaintiff-appellant Sheana Williams Nicholson ("appellant") appeals from the dismissal of her complaint for divorce filed against defendant-appellee Oscar Nicholson, Jr., M.D.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN FINDING THAT NO COMMON LAW MARRIAGE EXISTED BETWEEN APPELLANT AND APPELLEE AND IN DISMISSING APPELLANT'S COMPLAINT FOR DIVORCE.
 II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE ISSUE OF THE EXISTENCE OF A COMMON LAW MARRIAGE WAS RES JUDICATA.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On August 18, 1995, appellant filed a complaint for divorce against Dr. Nicholson. In her complaint, appellant averred she and Dr. Nicholson entered into a common law marriage after divorcing in 1988, also from a common law marriage. On August 24, 1995, Dr. Nicholson filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12 (B) (6). In his motion, Dr. Nicholson denied ever having a marital relationship with appellant. Dr. Nicholson contended that the parties did not enter into an agreement to be married or hold themselves out in the community as husband and wife.
The magistrate held a hearing on the matter in 1995. The magistrate issued a decision in which she stated that the issue to be decided was to determine whether any genuine issues of material fact were in dispute and not whether appellant had proven that a common law marriage existed. The magistrate found that there were genuine issues of fact and recommended that Dr. Nicholson's motion to dismiss be denied. The trial court adopted the magistrate's decision.
The trial court then bifurcated the issue of the existence of a common law marriage from any other issues raised in the divorce petition. A hearing to decide whether or not appellant and Dr. Nicholson entered into a common law marriage after their 1988 divorce was held in November of 1996. The magistrate found that appellant failed to meet her burden of establishing, by clear and convincing evidence, that a common law marriage existed. The trial court adopted the magistrate's decision on April 24, 1997. Appellant's complaint for divorce was dismissed with prejudice.
 II.
In her first assignment of error, appellant contends that the trial court abused its discretion by finding that no common law marriage existed between appellant and Dr. Nicholson. Essentially, appellant is arguing that the trial court's decision was against the manifest weight of the evidence. However, appellant only provided this court with a partial transcript. The record given to this court does not include most of the testimony of the defense witnesses. Interestingly, appellant also chose to omit all of Dr. Nicholson's direct testimony. Appellant has ignored the provisions of App.R. 9 (B), which provides in part:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
Evidence relevant to the trial court's findings or conclusion does not mean the appellant is free to ignore and exclude evidence which is contrary to appellant's position on appeal.
A reviewing court will not presume that an error occurred below; rather, the error must appear affirmatively on the record. Therefore, when challenging a finding or conclusion made by a trial court, the complete record of the proceedings must be presented to the appellate court by the appellant. Dillingham v.Woodlawn (1993), 86 Ohio App.3d 54. See also, Tyrrell v.Investment Assoc. Inc. (1984), 16 Ohio App.3d 47. If portions of the record necessary for review are omitted, the reviewing court will presume the validity of the trial court's decision and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Therefore, if a partial record does not conclusively support the trial court's decision, the presumption is that the omitted portion provides the necessary support. Ham v. Park (1996),110 Ohio App.3d 803.
Because appellant has not provided this court with a complete record of the proceedings below, the trial court's decision finding that no common law marriage took place will be presumed valid and affirmed.
Appellant's first assignment of error is overruled.
 III.
In her second assignment of error, appellant argues that the issue of whether or not she and Dr. Nicholson entered into a common law marriage was determined when the trial court denied Dr. Nicholson's motion to dismiss. Appellant submits that this issue then became res judicata and could not have been adjudicated again later.
Appellant's argument regarding the magistrate's decision is a prevarication of what that decision clearly stated. The issue of whether or not a common law marriage existed was not to be determined at the 1995 hearing. The magistrate's decision stated:
 In resolving the defendant's motion to dismiss, the issue presented is whether there is any genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. The issue is not whether the plaintiff has proved by clear and convincing evidence that there is a common law marriage. (Emphasis in original.)
Because of appellant's misstatement of what the trial court's entry contained, this court really does not have to consider appellant's assignment of error any further. However, it will be noted that the doctrine of res judicata requires that a final judgment be rendered on the merits. Ohio Dept. of Human Serv. v.Kozar (1995), 99 Ohio App.3d 713. The denial of a motion to dismiss is not a final order. Ferrell v. Standard Oil Co. (1984),11 Ohio St.3d 169; Cleveland v. Solomon (April 15, 1999). Cuyahoga App. No. 75348, unreported.
Appellant's second assignment of error is meritless.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and KENNETH A. ROCCO, J., CONCUR.
 _________________________________ LEO M. SPELLACY, JUDGE