JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant-appellant/cross-appellee Ronald Kluchin Architects, Inc. ("RKA or appellant") appeals the trial court's decision denying its motion to dismiss. Having reviewed the arguments of the parties and the pertinent law, we dismiss this appeal for lack of a final appealable order. The cross appeal filed by plaintiffs-appellees/cross-appellants is affirmed.
 I {¶ 2} This appeal entails the residential construction contract and arbitration clause involved in the building of a new home. In April 1991, plaintiffs-appellees Dr. and Mrs. Blackburn ("Blackburns or appellees") hired RKA to design a large single-family residence for them in Hunting Valley.
 {¶ 3} The Blackburns began to experience problems with their residence after its completion in 1995. As a result, the Blackburns filed for arbitration. Ultimately, an arbitration award was entered between the Blackburns and the general contractor, Carnevale Construction, Inc. ("Carnevale"). On March 17, 2006, the Blackburns filed the underlying action against RKA in Cuyahoga County Common Pleas Court. In response to that complaint, on May 8, 2006, RKA moved to stay the proceedings or dismiss them pending arbitration. That motion was amended on May 11, 2006 to request that the trial court dismiss the claims based upon the expiration of the applicable limitations period set forth in Ohio's statute of repose. The *Page 5 
Blackburns responded to those motions on June 16 and June 22, 2006. RKA filed a reply brief on July 10, 2006.
 {¶ 4} On July 19, 2006, the Blackburns filed an amended complaint joining two of their homeowner's insurance carriers, seeking first-party benefits and bad faith damages. On August 1, 2006, the Blackburns filed a supplemental brief in opposition to the motion to stay. On September 26, 2006, RKA responded to the amended complaint by again moving to dismiss and/or moving to stay the case pending arbitration and also requesting an oral hearing. On October 18, 2006, RKA requested relief dismissing and/or staying the underlying proceedings, to which the Blackburns responded on October 20, 2006. A hearing was then held before the court on November 16, 2006, requiring additional submissions by the parties following that hearing.
 {¶ 5} On December 5, 2006, the court ruled on the pending motions, finding that there was a valid arbitration agreement, denying the motion to dismiss based on the statute of repose, staying the proceedings pending arbitration, and finding that the new party defendant insurance carriers would not be bound by the arbitration proceedings. RKA now appeals, and the Blackburns now cross appeal.
 {¶ 6} This case has a long and complex history. On April 24, 1991, the Blackburns entered into a written agreement with RKA. RKA was to design, *Page 6 
inspect, observe, and administer the construction of the Blackburn residence, which was approximately 8,000 square feet.
 {¶ 7} The contract included obligations of RKA to oversee the construction of the residence by the general contractor and all subcontractors, to inspect the construction to insure that the construction was being performed in a workmanlike manner and in accordance with the design specifications, and to approve the construction. In addition to their agreement with RKA, the Blackburns entered into a separate contract with Carnevale to erect the dwelling.
 {¶ 8} Unfortunately, problems began to develop with the construction of the home. The Blackburns allege these problems were a result of the design and/or construction of the residence. Appellant disagrees and alleges that the claims made against it are barred by Ohio's statute of repose and that threshold determination should be made by the court rather than within the arbitration forum.
 {¶ 9} On January 19, 1999, the Blackburns filed an arbitration demand against both RKA and Carnevale. The claims against both parties were consolidated into one arbitration demand. However, on April 19, 1999, RKA informed the American Arbitration Association that it would not consent to being part of a consolidated arbitration proceeding with the general contractor. As a result of RKA's refusal to arbitrate, the Blackburns arbitrated their claims against Carnevale only. After reviewing the evidence presented in the arbitration proceedings, the *Page 7 
arbitrator determined in 2001 that almost all the damages were the responsibility of a party or parties other than the contractor.[1]
 II {¶ 10} Assignment of error: "The trial court erroneously denied the motion to dismiss of defendant-appellant Ronald Kluchin Architects, Inc. on the threshold issue of whether plaintiffs possessed a viable cause of action to be arbitrated."
 {¶ 11} Appellant argues in its sole assignment of error that the lower court erred when it denied its motion to dismiss. However, the trial court's order denying appellant's motion to dismiss is not a final appealable order and, therefore, we do not have jurisdiction to consider the merits of appellant's assignment of error.
 {¶ 12} Section 3(B)(2), Article IV, of the Ohio Constitution limits the appellate jurisdiction of the courts of appeals to reviewing, affirming, modifying or reversing "judgments or final orders of the [inferior] courts."
 {¶ 13} "Final order" is defined in R.C. 2505.02:
 "(B) An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; *Page 8 
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *;
 (5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 14} This definition of "final order" applies to both criminal and civil appeals. State ex rel. Leis v. Kraft (1984), 10 Ohio St.3d 34, 36,460 N.E.2d 1372; State v. Collins (1970), 24 Ohio St.2d 107, 108,265 N.E.2d 261.
 {¶ 15} The Supreme Court of Ohio has held that an order overruling a motion to dismiss an appeal to the court of common pleas pursuant to R.C. 4123.519 is not a final appealable order within the meaning of R.C.2505.02. Ferrell v. Std. Oil Co. (1984), 11 Ohio St.3d 169,464 N.E.2d 550. The denial of a motion to dismiss is not a final order. Id.;Cleveland v. Solomon (Apr. 15, 1999), Cuyahoga App. No. 75348;Nicholson v. Nicholson (Dec. 16, 1999), Cuyahoga App. No. 73905.
 {¶ 16} Having determined that the trial court's decision denying appellant's motion to dismiss is not a final order, we hold that we do not have jurisdiction to consider the merits of appellant's assignment of error.
 {¶ 17} Accordingly, appellant's appeal is dismissed.
 {¶ 18} Appellees' cross-assignment of error involves related issues and is a final appealable order. Appellees argue in their cross-assignment of error that "the trial court erred in enforcing the arbitration provision because the arbitration provision is not valid and enforceable." *Page 9 
 {¶ 19} R.C. 2711.02(C) provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal.
 {¶ 20} Appellees argue that the lower court erred in enforcing an arbitration provision which is unconscionable and constitutes a contract of adhesion. However, we disagree with appellees. We find that nothing in the evidence demonstrates that the terms of the arbitration were unreasonable or one-sided in favor of one party over another.
 {¶ 21} A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. An arbitration agreement is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the agreement and, with limited exceptions, such an agreement is to be upheld just as any other contract. Vanyo v. Clear ChannelWorldwide, 156 Ohio App.3d 706, 710, 2004-Ohio-1793.
 {¶ 22} Under R.C. 2711.02, a trial court must stay proceedings when a party demonstrates that there is a written agreement between the parties to submit the disputed issue to arbitration. The question of the validity of an arbitration provision is governed by R.C. 2711.01(A), which, in relevant part, provides as follows:
 "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the *Page 10 
agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 23} An arbitration clause that is deemed unconscionable is unenforceable as a matter of law. Williams v. Aetna Fin. Co.,83 Ohio St.3d 464, 471, 1998-Ohio-294, 700 N.E.2d 859; see, also, Olah v. GanleyChevrolet, Inc., Cuyahoga App. No. 86132, 2006-Ohio-694, 4|10.
 {¶ 24} "Unconscionability is generally recognized as the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." Vanyo at 711, ¶ 17, citing Collins v. Click Camera Video (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. InVanyo, this court further explained the analysis required under the unconscionability doctrine:
 "In order for a contract provision to be unconscionable, there must exist both `substantive' and `procedural' unconscionability. Substantive unconscionability exists when the contract terms are determined to be unfair and unreasonable. Procedural unconscionability, on the other hand, exists when it is determined that there was no voluntary meeting of the minds by the parties to the contract under circumstances particular to that contract." Vanyo at 711-712, ¶ 17.
 {¶ 25} In the present case, there is nothing in the record before us to support the argument that the arbitration agreement was either substantively or procedurally unconscionable. *Page 11 
 {¶ 26} Appellees argue that the arbitration clause is substantively unconscionable because it allows for the appellant to refuse to be joined as a co-party in an arbitration involving more than one respondent. However, the arbitration clause does not prevent joinder with a co-party, merely because the arbitration would involve more than one respondent. It prevents the inclusion in arbitration "by consolidation, joinder or in any other manner, an additional person or entity not a party to this agreement * * *."[2]
 {¶ 27} The record demonstrates that appellees failed to provide any evidence to demonstrate that the arbitration clause is substantively unconscionable, and the arbitration clause cannot be said to be substantively unconscionable on the basis of appellees' arguments.
 {¶ 28} Appellees argue that, because the contract was a standard document, it did not provide a realistic opportunity to bargain. The fact that a contract containing a disputed arbitration clause is preprinted does not, standing alone, demonstrate procedural unconscionability. See Eagle v. Fred Martin Motor Co.,157 Ohio App.3d 150, 173, 2004-Ohio-829.
 {¶ 29} Instead, "[t]he crucial question is whether `each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze *Page 12 
of fine print * * *?'" Vanyo at 712, 4|18, citing Ohio Univ. Bd. ofTrustees v. Smith (1999), 132 Ohio App.3d 211, 724 N.E.2d 1155.
 {¶ 30} Although appellees made much of the fact that the contract may have been a standardized contract, the use of an industry standard contract does not create unconscionability. When a party presenting an arbitration clause represents to the signing party that the contract is routine in the industry, it does not create procedural or substantive unconscionability. Robbins v. Country Club Retirement Center IV,Inc., Belmont App. No. 04 BE 43, 2005-Ohio-1338, at _33. In sum, there is ample evidence that appellant read the contract and understood the terms. There is no evidence of fraud or duress on the part of either party concerning the agreement. We find no evidence that either party was deprived of an opportunity to bargain about the arbitration clause or that either party was at a disadvantage during the bargaining process. From the record before us, we conclude that there was a "meeting of the minds" about the contract and its terms. We, therefore, reject the argument that the arbitration clause is unconscionable. Moreover, we reject the argument that the arbitration provision constitutes an adhesion contract.
 {¶ 31} Appellees' cross-assignment of error is overruled.
 {¶ 32} Accordingly, we find that the trial court did not err in enforcing the arbitration provision in the contract between appellees and appellant. This court hereby affirms the lower court's decision to stay the proceedings pending arbitration. *Page 13 
 {¶ 33} Appeal dismissed and cross appeal affirmed.
It is ordered that appellees and appellant equally share their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P. J., CONCURS WITH SEPARATE OPINION and SEAN C. GALLAGHER, J., CONCURS
[1] See award of arbitrator, Aug. 12, 2001.
[2] See Section 7.3 of the April 24, 1991 contract between the Blackburns and RKA.