VANYO, Appellee,

v.

CLEAR CHANNEL WORLDWIDE, et al., Appellants.

[Cite as Vanyo v. Clear Channel Worldwide, 156 Ohio App.3d 706, 2004-Ohio-1793.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82955.

Decided April 8, 2004.

708

Robert C. Bailes and Thomas L. Brunn Sr., for appellee.

Vorys, Sater, Seymour & Pease, John Winship Read, Marcel C. Duhamel and John Gerak, for appellants.

TIMOTHY E. McMONAGLE, Judge.

{¶ 1} Defendants-appellants, Clear Channel Worldwide, Dana Schulte, and Dennis Brockman, appeal from the order of the Cuyahoga County Common Pleas Court that denied their motion to stay litigation and compel arbitration on a multicount complaint filed by plaintiff-appellee, Aimee J. Vanyo. For the reasons that follow, we reverse and remand.

{¶ 2} The record reflects that plaintiff-appellee, Aimee J. Vanyo ("Vanyo"), was employed as a radio personality for defendant, 102.5 FM ZOO (the "radio station"), from July 1999 until her discharge in August 2001. The radio station is owned and operated by defendant-appellant, Clear Channel Worldwide ("Clear Channel"). At the time that Vanyo filed the instant suit, defendants-appellants, Dennis Brockman ("Brockman") and Dana Schulte ("Schulte"), were also employed at the radio station as Vanyo's supervisor and general manager, respectively. Following her discharge in August 2001, Vanyo instituted the within suit against Clear Channel, the radio station, Brockman, Schulte, and ten unnamed defendants, alleging 14 employment-related claims against them.

{¶ 3} Appellants collectively filed a motion to stay litigation pending arbitration and to compel arbitration, inter alia.[1] Attached to their motion was a copy of the arbitration agreement entered into between Vanyo and Clear Channel, wherein the parties agreed to submit all claims against each other to final and binding arbitration. The document was executed in October 2000, shortly after Clear Channel had acquired the radio station and at a time that Vanyo had been employed by the radio station for approximately 15 months.

{¶ 4} Vanyo opposed the motion, arguing that the arbitration agreement was an unconscionable adhesion contract. Vanyo argued that she had little meaningful opportunity to seriously challenge the agreement without foregoing her employment. This unequal bargaining power, she claimed, rendered the agreement unconscionable.

{¶ 5} The trial court agreed and denied the motion, stating:

{¶ 6} "The arbitration 'contract' of the [appellants] is an adhesion contract, where there is a great inequity of bargaining power. There can be no legitimate right in the exercise of such bargaining power to force or compel an existing employee to sign such an arbitration agreement. There are very few circumstances that an employer would sue an employee such as [Vanyo]. The benefit defendant received from the arbitration far outweighs any benefit due [Vanyo]. The court accepts the arguments of [Vanyo] in denying the motion to stay."

---

1. Included in the motion was a request for a change of venue to Ashtabula County because Vanyo, the radio station, Brockman, and Schulte all reside in that county.

{¶ 7} Clear Channel, Brockman, and Schulte are now before this court and, in their sole assignment of error, argue that the trial court erred in denying their motion to stay litigation on the basis that the arbitration agreement is unconscionable.

{¶ 8} Arbitration agreements are generally favored in the law as a less costly and more efficient method of settling disputes. See *Gerig v. Kahn,* 95 Ohio St.3d 478, 2002-Ohio-2581, 769 N.E.2d 381, at ¶ 20; *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 225, 749 N.E.2d 299. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. An arbitration agreement is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the agreement, and, with limited exceptions, such an agreement is to be upheld just as any other contract. See *Council of Smaller Enterprises v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 668, 687 N.E.2d 1352; see, also, *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 471, 700 N.E.2d 859. The issue of whether a controversy is arbitrable under the provisions of a written contract is a question of law for the trial court to decide. *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 172, 517 N.E.2d 559.

{¶ 9} Codified at R.C. Chapter 2711, the Ohio Arbitration Act sets forth a trial court's role in construing and enforcing such agreements. Specifically, R.C. 2711.01(A) governs the validity of arbitration provisions and provides:

{¶ 10} "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

{¶ 11} R.C. 2711.02(B) thereafter provides:

{¶ 12} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."

{¶ 13} Under R.C. 2711.02, a trial court is required to stay proceedings instituted in its court when a party demonstrates that an agreement exists between the parties to submit the issue to arbitration. In order for an arbitration agreement to be enforceable, however, the agreement must apply to the

disputed issue and the parties must have agreed to submit that particular issue or dispute to arbitration. *Harmon v. Philip Morris Inc.* (1997), 120 Ohio App.3d 187, 189, 697 N.E.2d 270; *Ervin v. Am. Funding Corp.* (1993), 89 Ohio App.3d 519, 625 N.E.2d 635; see, also, *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, at ¶ 17; *ABM Farms v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574.[2]

{¶ 14} The arbitration agreement at issue in this case defines the scope of the agreement as follows:

{¶ 15} "As a condition of employment with [Clear Channel], each employee hereby waives his/her right to sue [Clear Channel], and [Clear Channel] hereby waives its right to sue the employee, for any claim or cause of action covered by this Agreement. In lieu of suing, any such legal dispute may instead be submitted for final and binding resolution by a private, impartial arbitrator. The arbitration shall be governed by the Employment Dispute Resolution Rules of the American Arbitration Association. * * *"

{¶ 16} The parties do not dispute that Vanyo's claims come within the scope of the parties' contractual agreement to arbitrate. What they dispute is whether the clause is enforceable. Vanyo argues, and the trial court agreed, that the arbitration agreement itself is unenforceable because it is an unconscionable adhesion contract.

{¶ 17} Unconscionability is generally recognized as the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. *Collins v. Click Camera & Video* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. In order for a contract provision to be unconscionable, there must exist both "substantive" and "procedural" unconscionability. Substantive unconscionability

---

2. Although this panel does not agree on the standard of review applicable to this case, we agree that the result would be the same under either standard. See concurring opinion, infra. This author is of the opinion that nothing in Ohio's Arbitration Act indicates that a special or different standard governs review of a trial court decision under the Act. Rather, review of trial court determinations as to whether proceedings should be stayed on the ground that the parties agreed to submit their disputes to arbitration should proceed like review of any other court decision finding an agreement between parties. That is, a reviewing court accepts findings of fact that are not "clearly erroneous" but decides questions of law de novo. *First Options of Chicago, Inc. v. Kaplan* (1995), 514 U.S. 938, 947–948, 115 S.Ct. 1920, 131 L.Ed.2d 985; see, also, *Garcia v. Wayne Homes, LLC* (Apr. 19, 2002), 2d Dist. No. 2001 CA 53, 2002 WL 628619, 2002 Ohio App. Lexis 1917; cf. *Harper v. J.D. Byrider of Canton*, 148 Ohio App.3d 122, 2002-Ohio-2657, 772 N.E.2d 190, at ¶ 16; *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040; *Butcher v. Bally Total Fitness Corp.*, Cuyahoga App. No. 81593, 2003-Ohio-1734, 2003 WL 1785027, at ¶ 23. Whether a contract provision is unconscionable is a question of law. See *Ins. Co. of N. Am. v. Automatic Sprinkler Corp.* (1981), 67 Ohio St.2d 91, 98, 21 O.O.3d 58, 423 N.E.2d 151.

exists when the contract terms are determined to be unfair and unreasonable. Procedural unconscionability, on the other hand, exists when it is determined that there was no voluntary meeting of the minds by the parties to the contract under circumstances particular to that contract.

{¶ 18} We see nothing in the arbitration agreement at issue in this case that rises to the level of procedural unconscionability. In determining procedural unconscionability, a court considers "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." *Cross v. Carnes* (1998), 132 Ohio App.3d 157, 170, 724 N.E.2d 828. "The crucial question is whether 'each party to the contract, considering his [or her] obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print * * * ?' " *Ohio Univ. Bd. of Trustees v. Smith* (1999), 132 Ohio App.3d 211, 724 N.E.2d 1155.

{¶ 19} Although the bargaining power may not have been equal in this case, we cannot say that Vanyo was a victim of procedural unconscionability. Mere inequality of bargaining power is insufficient to invalidate an otherwise enforceable arbitration agreement. *Gilmer v. Interstate/Johnson Lane Corp.* (1991), 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26; *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089. Moreover, nothing in the record before us allows us to conclude that Vanyo was unaware of the impact of the agreement or that she was otherwise limited in understanding its impact. Indeed, the agreement itself contains an acknowledgment that Vanyo had "been given the opportunity to discuss this agreement with [her] private attorney." Accordingly, on these facts, we find that there was no procedural unconscionability.

{¶ 20} Nor do we find any substantive unconscionability. The terms of the arbitration agreement apply equally to Clear Channel as they do to Vanyo. Both parties to any arbitration proceeding participate equally and fairly in the selection of an arbitrator from identical lists provided by the American Arbitration Association. Any arbitration award is final and binding on both parties and its enforcement can be sought by either in a court of law. We see no unfair or unreasonable terms contained in the agreement. Indeed, Clear Channel assumes responsibility for paying the arbitration filing fee and expenses of the arbitrator. It is true that each party bears its own responsibility for paying attorney fees. Contrary to Vanyo's argument, however, that term does not render the agree-

ment to arbitrate substantively unfair merely because it might impact the *type* of fee arrangement between the employee and that employee's attorney.

{¶ 21} Because we are satisfied that the agreement to arbitrate is enforceable and that the claims brought by Vanyo fall within the scope of that agreement, the trial court erred when it did not grant appellants' motion to stay proceedings pending arbitration.

{¶ 22} Appellants' sole assignment of error is well taken and is sustained. The judgment of the trial court is reversed and we remand this case to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PATRICIA A. BLACKMON, P.J., concurs.

COLLEEN CONWAY COONEY, J., concurs in judgment only.

COLLEEN CONWAY COONEY, Judge, concurring in judgment only.

{¶ 23} I concur in judgment only and write separately because I do not agree that the majority has applied the appropriate standard of review.

{¶ 24} This court has consistently held that we review a trial court's decision denying a stay of proceedings and referral to arbitration under the abuse-of-discretion standard. *Sikes v. Ganley Pontiac Honda, Inc.*, Cuyahoga App. No. 82889, 2004-Ohio-155, 2004 WL 67224; *Coble v. Toyota of Bedford,* Cuyahoga App. No. 83089, 2004-Ohio-238, 2004 WL 99039, citing *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. As the *Harsco* court noted:

{¶ 25} " 'The process of review for abuse of discretion has been summarized as follows, in Brennan, *Standards of Appellate Review,* 33 Def. L.J. 377 (1984):

{¶ 26} " '1.  Did the lower court have discretion to act as it did?

{¶ 27} " 'a.  If not, an error of law was made, and the appellate court may freely review the action taken.

{¶ 28} " 'b.  If so, then the appellate court may not review the *action* unless there was an abuse of discretion.'  Whiteside, Ohio Appellate Practice (1991), Standards of Review, 152, fn. 18."  Id. at fn. 2.

{¶ 29} Applying the principle as set forth above, the trial court had the discretion to determine whether to grant or deny the motion for stay and referral to arbitration.  R.C. 2711.02 requires a stay of proceedings if the trial court is "satisfied" that the issue is referable to arbitration.  Therefore, we must review the instant case under the abuse-of-discretion standard.