DECISION
{¶ 1} Defendants-appellants, Jeffrey B. Seeley and Donald C. Schmitt, appeal the judgment of the Hamilton County Court of Common Pleas denying their motion for an order compelling arbitration in an action filed by plaintiffs-appellees, John H. Carew and Sean T. Carew. The issue on appeal is whether an arbitration clause contained in certain "Transaction Agreements" was applicable to the Carews' complaint.
 {¶ 2} The Carews were minority shareholders in Carew International, an Ohio corporation. Seeley was the majority shareholder in the corporation, and Schmitt was an officer of the corporation and a member of its board of directors.
 {¶ 3} In 2004, the Carews filed a complaint alleging that Seeley had failed to convene shareholder meetings mandated by certain "Transaction Agreements" under which Seeley had become the majority shareholder. The Carews also alleged that he had paid himself unauthorized bonuses and had otherwise misappropriated the corporation's funds.
 {¶ 4} The complaint further alleged that Seeley and Schmitt had inappropriately conferred benefits upon corporations in which Schmitt had significant interests. In the complaint, the Carews asserted causes of action for conversion, diminution in value of their shares in the corporation, preferential dividends, breach of fiduciary duty, and conspiracy.
 {¶ 5} According to the plaintiffs, the alleged breach of duties on the part of Seeley and Schmitt were based, at least in part, upon their obligations as set forth in the "Transaction Agreements." The stock-transfer transaction in question was accomplished through a document entitled "Stock Redemption and Recapitalization Agreement" ("SRRA"). Appended to the SRRA, and listed in the SRRA's index, were a number of exhibits denoted as "Exhibit A" through "Exhibit O." Exhibits C through I were specifically enumerated in the main portion of the SRRA, with the recitation that "[a]t closing, the Company and the respective individuals indicated below will enter into" the designated agreements.
 {¶ 6} The main portion of the SRRA did not contain a clause specifically mandating the arbitration of disputes. The SRRA did state, under a subsection entitled "Designation of Forum," that "[t]he parties hereto agree (a) that any suit, action, or proceeding brought to enforce an arbitration award rendered pursuant to this Agreement may be instituted in the Court of Common Pleas of Hamilton County, Ohio, or in the United States District Court for the Southern District of Ohio (Cincinnati), and (b) irrevocably and unconditionally submit and consent to the jurisdiction of any such court for such purpose."
 {¶ 7} Exhibits C through F to the SRRA were styled as "Non-Competition/Non-Disclosure" agreements for John Carew, Sean Carew, and a number of other persons affiliated with the corporation. Exhibits G through I were each styled as an "Employment Agreement" with, respectively, Patricia Lufkin, Sean Carew and John Carew. Exhibit J was entitled "Intellectual Property Agreement."
 {¶ 8} Exhibits C through G, as well as Exhibit J, all contained the following clause: "Arbitration. Any dispute, controversy, or claim arising out of or relating to this Agreement, whether breach, termination or validity thereof, shall be settled by arbitration in accordance with the American Arbitration Association rules in force as of the date of breach."
 {¶ 9} Exhibits H and I contained a different arbitration clause: "Binding Arbitration. Any and all disputes under this Agreement shall be resolved by binding arbitration under the rules of the American Arbitration Association applicable to employment disputes." The remaining exhibits, including Exhibit M, the "Shareholders Agreement," did not contain an arbitration clause.
 {¶ 10} Seeley and Schmitt filed a motion for an order compelling arbitration, arguing that the "Transaction Agreements" in fact constituted a single integrated contract and that the arbitration clause contained in certain of the exhibits was intended to apply to any dispute arising under the agreement as a whole. The Carews contended that the various portions of the "Transaction Agreements" were severable and that the absence of the arbitration clause from the main portion of the SRRA and from the shareholder agreement mandated denial of the motion. The Carews also argued that the presence in the suit of Schmitt, who was not a party to any of the transactions, mandated denial of the motion.
 {¶ 11} The trial court denied the motion for a stay. In a single assignment of error, Seeley and Schmitt now argue that the trial court erred in doing so.
 {¶ 12} Although public policy in Ohio favors resolving disputes through arbitration, the Supreme Court of Ohio has emphasized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[1] Whether a controversy is arbitrable under a contract is a question of law.[2] Therefore, we decide the issue of arbitrability de novo.[3]
 {¶ 13} In the case at bar, we find no error in the trial court's denial of the motion for a stay. Had the parties intended that the arbitration clause apply to all disputes arising under the Transaction Agreements, they could have placed the clause in the main body of the SRRA, or at the very least in the shareholder agreement. Instead, the parties placed the clause in exhibits to the agreement relating only to specific issues and only to certain parties. Each of these exhibits was specifically styled as a separate agreement even though they were appended to the main portion of the SRRA. The fact that an arbitration clause was present in only six of the fifteen exhibits demonstrated an intent to restrict the clause's application.
 {¶ 14} In a similar vein, the parties' decision to include multiple arbitration clauses indicated that the clauses were not intended to apply to the contract in general. Had the parties intended an arbitration provision to apply generally, a single clause would have been sufficient. Instead, a number of exhibits, but not all, included a provision requiring arbitration.
 {¶ 15} Moreover, the inclusion of two distinct arbitration clauses demonstrated that their application was to be limited. The arbitration clause in the "Employment/Non-Competition" agreements recited that disputes under those agreements were to be adjudicated under the general rules of the American Arbitration Association, while the "Employment" agreements with the Carews were to be adjudicated under the Association's rules for employment contracts. Once again, this distinction indicated an intent to limit the various arbitration clauses to the exhibits, or separate agreements, in which they were included.
 {¶ 16} Seeley and Schmitt cite the "Designation of Forum" in the main body of the SRRA for the proposition that the parties contemplated arbitration for all disputes. Although we recognize that the forum clause referred to only one "agreement" in discussing arbitration, it is clear from the remainder of the clause that it governed only the place where arbitration awards, if any, were to be enforced. The clause itself did not mandate arbitration for disputes arising under any portion of the Transaction Agreements.
 {¶ 17} Seeley and Schmitt also suggest that because the Carews' complaint made reference to multiple agreements but used the collective rubric "Transaction Agreements," those agreements should be read as an integrated contract. In light of the agreements' language with respect to integration, we are not persuaded. The portion of the SRRA that referred to the exhibits indicated that the exhibits were separate agreements. That the Carews cited multiple agreements but referred to them collectively in their complaint did not control the interpretation of the agreements' language.
 {¶ 18} For these reasons, we hold that the trial court correctly denied the motion to compel arbitration.
 {¶ 19} The Carews also argue that the allegations in the complaint were governed by common-law principles that obviated reference to the terms of the SRRA[4] and that the naming of Schmitt as a defendant precluded arbitration. But in light of our holding that arbitration was not mandated by the terms of the agreements, we need not address those arguments. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman and Sundermann, JJ., concur.
[1] Council of Smaller Enterprises v. Gates McDonald Co.,80 Ohio St.3d 661, 665, 1998-Ohio-172, 687 N.E.2d 1352. See, also, Reedyv. Cincinnati Bengals, Inc. (2001), 143 Ohio App.3d 516, 526,758 N.E.2d 678.
[2] Dunkelman v. Cincinnati Bengals, Inc., 158 Ohio App.3d 604,2004-Ohio-6425, 821 N.E.2d 198, at ¶ 20; Vanyo v. Clear ChannelWorldwide, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482, at ¶ 8.
[3] Dunkelman, supra, at ¶ 20.
[4] See Crosby v. Beam (1989), 47 Ohio St.3d 105, 548 N.E.2d 217
(majority shareholders owe fiduciary duty to minority shareholders).