JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Ganley, Inc. ("Ganley"), appeals the trial court's denial of its motion to stay the proceedings pending arbitration. Finding merit to the appeal, we reverse and remand.
 {¶ 3} In February 2006, plaintiff-appellee, Chasstidy Goodwin ("Goodwin"), purchased a 2002 Ford Taurus ("Taurus") from Ganley. Incorporated within the purchase contract, was an arbitration agreement that Goodwin executed.
 {¶ 4} In February 2007, Goodwin filed suit against Ganley and Credit Acceptance Corporation alleging violations of the Ohio Consumer Sales Practices Act, violations of the Federal Truth in Lending Act, and usury arising from the sale and financing of the Taurus.[1] She alleged that Ganley failed to deliver title to the Taurus until fifty-seven days after her purchase, in violation of R.C. 4505.18 which allows forty days.
 {¶ 5} On March 19, 2007, Ganley filed a motion to stay the proceedings pending arbitration pursuant to R.C. 2711.01 and 2711.02. On March 22, 2007, *Page 4 
the trial court denied Ganley's motion.[2]
 {¶ 6} Ganley now appeals, raising one assignment of error, in which it argues that the trial court committed prejudicial error in denying its motion for stay of the proceedings pending arbitration.[3]
 {¶ 7} It is well recognized that public policy favors and encourages arbitration to avoid needless and expensive litigation. Krafcik v. USAEnergy Consultants, Inc. (1995), 107 Ohio App.3d 59, 667 N.E.2d 102. An agreement to arbitrate is typically viewed "as an expression that the parties agree to arbitrate disagreements within the scope of the agreement, and, with limited exceptions, such an agreement is to be upheld just as any other contract." Vanyo v. Clear ChannelWorldwide, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482.
 {¶ 8} The Ohio Arbitration Act is codified in Chapter 2711 of the Ohio Revised Code. It sets forth the trial court's role in construing and enforcing arbitration agreements. In particular, R.C. 2711.02 governs the issuance of a stay of trial proceedings pending arbitration. R.C.2711.02(B) provides in pertinent part: *Page 5 
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
(Emphasis added.)
 {¶ 9} Furthermore, R.C. 2711.01(A), provides that:
 "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
(Emphasis added.)
 {¶ 10} Thus, an arbitration clause is valid and enforceable, unless it is found to be unconscionable. R.C. 2711.01; Williams v. Aetna Fin.Co., 83 Ohio St.3d 464, 1998-Ohio-294, 700 N.E.2d 859.
 {¶ 11} In the instant case, Ganley requests that we reverse the trial court's denial of the stay and thereby remand the case because it is unknown whether Goodwin opposes the motion for a stay. Goodwin argues that the trial court did not err in denying the motion to stay because the arbitration clause in Goodwin's contract is essentially the same as other clauses this court has found to be *Page 6 
unconscionable.[4] However, Goodwin never raised this argument before the trial court.
 {¶ 12} Under Loc.R. 11(C) of the Court of Common Pleas of Cuyahoga County, General Division, a party opposing a motion "shall serve and file within seven (7) days, thereafter, a brief written statement of reasons in opposition * * *." Thus, the trial court should allow at least seven days before ruling on a motion.
 {¶ 13} Moreover, this court has previously held that when the circumstances surrounding a purchase are not sufficiently developed in the record to ascertain unconscionability, the trial court should conduct a hearing to decide the issue. See, Olah v. Ganley Chevrolet,Inc., Cuyahoga App. No. 86132, 2006-Ohio-694, citing Molina v.Ponsky, Cuyahoga App. No. 86057, 2005-Ohio-6349, and Womens FederalSavings Loan Assoc. v. Potz (Nov. 17, 1983), Cuyahoga App. No. 46690.
 {¶ 14} In determining unconscionability, the trial court should consider "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were *Page 7 
explained to the weaker party, and whether alterations in the printed terms were possible." Collins v. Click Camera Video (1993),86 Ohio App.3d 826, 621 N.E.2d 1294. See also, Vanyo, supra.
 {¶ 15} In the instant case, Ganley filed its motion to stay the proceedings pending arbitration on March 19, 2007. The trial court denied the motion three days later, on March 22, 2007. Because the trial court issued its ruling well before the expiration of Goodwin's seven-day response time, Goodwin was not afforded the opportunity to object to the stay and present evidence regarding the unconscionability of Ganley's arbitration clause, such as her age, education, intelligence, business acumen and experience, and relative bargaining power, etc. See Vanyo, supra. Therefore, in light of the court's quick ruling and the insufficiently developed record, we reverse and remand.
 {¶ 16} Accordingly, the sole assignment of error is sustained.
 {¶ 17} Judgment is reversed and this cause is remanded for further proceedings consistent with this opinion. It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR
[1] Credit Acceptance Corporation is not a party in the instant appeal.
[2] There is no record of Goodwin objecting to Ganley's motion.
[3] We note that this court has jurisdiction over this matter pursuant to R.C. 2711.02(D), which states that, "[A]n order under that division [B] that denies a stay of a trial of the action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *."
[4] Alternatively, Goodwin argues that if we reverse the trial court's decision, she should be given the opportunity to conduct discovery and present evidence at a hearing to determine whether the arbitration clause is valid. The cases upon which Goodwin relies involved some development of the record which allowed appellate review. *Page 1