JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, James Lupica, Wachovia Securities, LLC, Wachovia Corporation, Wachovia Financial Services, Inc. and Wachovia Securities Financial Network, LLC, (collectively "Wachovia"), appeal the trial court's denial of their motion to compel arbitration. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2001, plaintiff-appellee, Robert Berry ("Berry"), was hired as a broker by Wachovia.[1] Prior to his employment with Wachovia, he worked for Merrill Lynch. When Wachovia hired Berry, Merrill Lynch filed a claim with the National Association of Securities Dealers ("NASD") against Wachovia and Berry for alleged violations of Berry's prior employment contract with Merrill Lynch. That matter proceeded to arbitration. The arbitration resulted in a $250,000 ruling in favor of Merrill Lynch on its claims against Berry, but Berry was also awarded $125,000 in damages against Merrill Lynch. Wachovia paid the $250,000 judgment against Berry. Two days later, Merrill Lynch issued a check to Berry for $125,000.
 {¶ 3} At some point, Berry endorsed his $125,000 check to Wachovia. In 2005, he requested the return of the money. When Wachovia did not return the money, Berry filed suit in state court, alleging a breach of oral and written *Page 2 
agreement, conversion, fraud, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and conspiracy.
 {¶ 4} Wachovia filed motions to dismiss and compel arbitration and to stay the proceedings. The court informed Wachovia that it was construing its motion to dismiss as a motion for summary judgment under Civ. R. 56 and gave the company a deadline to submit supporting affidavits. Wachovia filed a supplemental brief, the affidavit of branch manager James Lupica ("Lupica"), and exhibits. Shortly thereafter, the trial court issued an order stating that it was denying Wachovia's motion to dismiss and compel arbitration.
 {¶ 5} Wachovia appeals, and raises one assignment of error for our review, in which the company argues that the trial court erred by denying its motion to compel arbitration and dismiss or stay the proceedings because Berry agreed to arbitrate his claims.
 Standard of Review {¶ 6} Initially, we address the standard of review regarding a trial court's denial or granting of a motion to stay proceedings pending arbitration. Wachovia proposes that we review the case de novo, while Berry contends we review for an abuse of discretion.
 {¶ 7} Recently, the Ohio Supreme Court clarified that even though Ohio policy favors arbitration, the determination of whether an arbitration clause is unconscionable is a question of law; therefore, a de novo standard of review applies. *Page 3 
 Taylor Bldg. Corp. of Am. v. Benfield, 117 Ohio St.3d 352,2008-Ohio-938, 884 N.E.2d 12. Even in cases, such as this one, where the parties do not argue unconscionability, a de novo standard of review applies because whether the parties are bound by the arbitration provision found in the Form U-4 concerns interpretation of that form, a contract. Interpretation of a contract is a question of law; thus we will employ a de novo standard of review. Cercone v. Merrill Lynch,Pierce, Fenner Smith, Cuyahoga App. No. 85961, 2008-Ohio-4229, citingVanyo v. Clear Channel Worldwide, 156 Ohio App.3d 706, 2004-Ohio-1793,808 N.E.2d 482.[2]
 Form U-4 *Page 4 {¶ 8} Registered representatives of broker-dealers, investment advisors, or issuers of securities must register with one or more of the self-regulatory organizations ("SRO's") that regulate the securities industry. See 17 C.F.R. Section 240.15b7-1. When Berry accepted employment with Wachovia, he registered with the NASD, the New York Stock Exchange ("NYSE"), and various state regulatory authorities. To effect this registration, he executed a Form U-4, which is the "Uniform Application for Securities Industry Registration or Transfer." Berry also signed a separate "Offer Summary" with Wachovia that outlined the compensation Berry could receive while employed with Wachovia.[3]
 {¶ 9} The Form U-4 contained the following arbitration provision:
 "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction."
 {¶ 10} In Item 11, Berry indicated that he was seeking registration as a general securities representative with several SROs, including the NASD and the NYSE. *Page 5 
 {¶ 11} Both the NYSE and the NASD have rules regarding arbitration that require arbitration of disputes between members of the organizations (the employers) and their employees if an employee's claims arise out of his or her employment. The NASD Code of Arbitration Procedure Rules 10101 and 10102 provide, in part, that any dispute, claim or controversy among members and associated persons arising in connection with the business of such member, activities of such associated person, or out of the associated person's employment or termination of employment with the member must be arbitrated. NYSE Rule 347 and 600 require arbitration of any dispute, claim, or controversy between a member and a registered representative arising out of the registered representative's employment or termination of employment with the member, except for a claim alleging employment discrimination.
 Scope of Employment {¶ 12} Wachovia argues on appeal that the trial court should have granted the motion to dismiss and to compel arbitration because Berry was required to arbitrate his claims in accordance with the arbitration provision found on the Form U-4. Berry, on the other hand, contends that his lawsuit is not related to his employment with Wachovia, and thus is not covered by the arbitration provision found in Form U-4.
 {¶ 13} Wachovia argues that Berry's endorsement of the $125,000 check was part of a chain of events linked to his acceptance of employment with Wachovia and the resulting arbitration claims that Merrill Lynch, Berry's former employer, filed *Page 6 
against him and Wachovia. To support its argument, Wachovia notes that the claims Merrill Lynch asserted against Berry were related to his employment with Wachovia, and Wachovia agreed to pay all legal expenses associated with that lawsuit and to satisfy the $250,000 judgment against Berry. Berry then endorsed to Wachovia the $125,000 check from Merrill Lynch. Those facts, Wachovia argues, conclusively establish that the events giving rise to Berry's claims would not have occurred "but for" his employment with Wachovia. Thus, Wachovia argues, Berry's claims are subject to arbitration because any claim for money that Berry alleges he deposited with Wachovia must have arisen in connection with his employment with Wachovia. Berry responds that his claims do not fall within the scope of his employment with Wachovia because he deposited the $125,000 check with Wachovia's separate banking institution. He further argues that his arbitration award was unrelated to his employment with Wachovia but was awarded to him personally based on his claims against his former employer, Merrill Lynch.
 {¶ 14} Wachovia filed its motion with the lower court seeking arbitration. As the moving party, Wachovia bore the burden of producing evidence that Berry's claims fell within the Form U-4's arbitration provision and the accompanying arbitration rules of the NASD and the NYSE. In other words, to compel arbitration, Wachovia had to show that Berry's claims fell within the scope of his employment with Wachovia. Based on our review of the record, we find that Wachovia did not meet its burden. *Page 7 
 {¶ 15} It is unclear exactly why Berry signed over his arbitration award to Wachovia. Berry argues that he gave Lupica the $125,000 check to deposit and hold in trust. Wachovia asserted in its motion to dismiss that the company agreed to pay the $250,000 judgment against Berry on the condition that Berry would reimburse Wachovia for one-half of the total judgment, or $125,000. But in his affidavit Lupica averred that Wachovia paid the $250,000 judgment against Berry because Merill Lynch's claims were related to Berry's employment with Wachovia. Lupica did not mention in his affidavit any agreement that Berry was to pay part of the judgment. Lupica mentioned only that the endorsement of the $125,000 check "forms the basis of Berry's claims," but did not state the reason why the check was signed over to the company.
 {¶ 16} Also contained in the record is a letter Wachovia sent to Berry, denying any knowledge of the $125,000. Although it appears that Wachovia now acknowledges the existence of those funds, it has presented no evidence that those funds were paid to Wachovia as part of any contract or agreement between Berry and Wachovia. Thus, we find that Wachovia has failed to show that the $125,000 check Berry signed over to Wachovia was related to his employment with Wachovia.
 {¶ 17} That being said, we also find it quite curious that Berry endorsed his settlement check to Wachovia with the following undated written note:
 {¶ 18} "As we discussed attached is the reward I received from Merrill Lynch. Please place this check on deposit with [Wachovia Corporation] to offset any interest *Page 8 
due on our contract. The $125,000 is to be returned on demand. Thank you for your consideration and co-operation."
 {¶ 19} Noticeably absent from the record is any explanation or mention of the "contract" between Wachovia and Berry. But again, the burden is on Wachovia to set forth evidence that Berry's claims were related to his employment with Wachovia. Based on the sparse record in this case, we find that Wachovia did not meet its burden. Therefore, the trial court correctly denied Wachovia's motion.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR
[1] Berry originally was hired by First Union Corporation, which merged with Wachovia in 2001. First Union Corporation is not a party to this case.
[2] In Taylor Bldg. Corp., the Court held that findings of fact made by the trial court in determining unconscionability should be given deference. Id. at 360. The trial court in this case denied Wachovia's motion without opinion.
[3] Although Wachovia refers to the "Offer Summary" as an employment contract, the "Offer Summary" expressly states that it is not a contract of employment and Berry is an at-will employee. *Page 1