[Cite as *Jatsek Constr., Co., Inc. v. Burton Scot Contrs., L.L.C.*, 2012-Ohio-3966.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98142

---

# JATSEK CONSTRUCTION CO., INC.

### PLAINTIFF-APPELLEE

vs.

# BURTON SCOT CONTRACTORS, LLC, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758171

**BEFORE:** Jones, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEYS FOR APPELLANTS**

Andrew J. Natale
Philip J. Truax
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**

**For Jatsek Construction Co.**

John R. Christie
Stafanik & Christie
1375 East Ninth Street, Suite 2450
Cleveland, Ohio 44114

**City of Warren**

James A. Climer
Mazanec, Raskin & Ryder Co, L.P.A.
100 Franklin's Row
34305 Solon Road
Solon, Ohio 44139

**For Cuyahoga County**

Colleen Majeski
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Lorain County**

Daniel F. Petticord
Lorain County Prosecutors Office
225 Court Street, 3rd Floor
Elyria, Ohio 44035

LARRY A. JONES, SR., J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendants-appellants, Burton Scot Contractors, L.L.C. and Westfield Insurance Company (collectively "Burton Scot") appeal from the trial court's judgment denying Burton Scot's motion to stay proceedings pending arbitration.  We reverse and remand.

## I.   Procedural History and Facts

{¶3} In June 2011, plaintiff-appellee Jatsek Construction Company, Inc. initiated this action against the Burton Scot defendants and three other defendants: Cuyahoga County, Lorain County, and the city of Warren.  According to the complaint, Burton Scot was the general contractor for three separate public improvement projects.  The first project was for the resurfacing of Russia Road in Lorain County; the second project was for the resurfacing of Usher Road in Cuyahoga County; and the third project was for work to be completed for the Greenway bike trail ("Greenway project") in the city of Warren. The Greenway project is the subject of this appeal.

### A.     Jatsek's Complaint Against Burton Scot Relative to the Greenway Project

{¶4} According to Jatsek's complaint, it was contacted by Burton Scot to submit a subcontractor bid for the Greenway project.  Jatsek submitted a bid, but Burton Scot informed the company that it was attempting to find a different contractor for the work. Jatsek's complaint further alleged that Burton Scot contacted Jatsek again and submitted a

proposed subcontract agreement for some, but not all, of the work previously bid on by Jatsek.

**{¶5}** Jatsek alleged that it informed Burton Scot that, because of the lapse of time from the initial discussions to the proposed amended contract, it was "unable to perform the tasks as originally bid." Complaint, ¶ 40. According to Jatsek's complaint, "Burton Scot requested that Jatsek perform whatever duties it was able to, with the understanding that the bid prices for the work performed would be honored." *Id.* at ¶ 41.

**{¶6}** The complaint alleged that Jatsek modified the proposed subcontract and submitted it to Burton Scot. "Jatsek did complete the tasks it agreed to in the modified subcontract agreement, although Burton Scot never executed the document and thus no contract was ever formed." *Id.* at ¶ 43. Jatsek further alleged that it was not paid for its work. According to Jatsek, it "understood, by the acts, words, and deeds of Burton Scot that it would be paid the unit prices as set forth in the original bid and in the various proposed subcontracts." *Id.* at ¶ 44.

B.     Burton Scot's Answer and Motion to Stay

**{¶7}** Burton Scot answered, and relative to the Greenway project, admitted that Jatsek performed work on the project, but had not been paid. In its motion to stay proceedings pending arbitration, Burton Scot contended that the subcontract agreement required mandatory and binding arbitration. Burton Scot submitted the affidavit of its vice president in support of the motion to stay. The vice president averred that on May 26, 2010, Jatsek submitted a bid proposal for the Greenway project, Burton Scot accepted

the bid on August 5, 2010, and issued the written contract for the project to Jatsek on September 17, 2010.

{¶8} The vice president further averred that Jatsek began working at the Greenway project on October 18, 2010, and on October 30, 2010, issued its first invoice for work performed on the project. According to the vice president, on November 7, 2010, Jatsek executed and returned the written contract. In executing the contract, however, Jatsek made handwritten modifications to certain provisions in the contract. The vice president averred that those modifications were not acceptable to Burton Scot and Burton Scot did not consent in writing to them.

{¶9} Burton Scot also submitted the written contract in support of its motion to stay. Paragraph 31 of the contract provided in relevant part as follows:

> At the sole option of Contractor, any and all claims, disputes, controversies, demands, and causes of action of whatever nature, kind or description arising from or relating to this Agreement, including without limitation contract, equity, tort or legal claims, and further including without limitation claims relating to rights of payment or interpretations hereof, shall be submitted to mandatory and binding arbitration in the Cleveland Tribunal of the American Arbitration Association in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The decision and Award of the Arbitrator(s) shall be final and binding on Contractor and Subcontractor, and the decision and Award may be reduced to judgment and enforced in any Court of competent jurisdiction.

{¶10} The contract was signed and dated (November 7, 2010) by Jatsek's vice president, but was not signed by a Burton Scot representative. The contract had handwritten changes, but not to the arbitration provision.

{¶11} Jatsek opposed the motion to stay. The company argued that Burton Scot

never executed the agreement, but even if a contract was formed, Jatsek was entitled to judgment because there was no dispute that it performed the work agreed to under the contract, but had not been paid.

{¶12} The trial court ruled that no contract existed for the Greenway project. The motion for stay was therefore denied as it related to that project.[1] For its sole assigned error, Burton Scot contends that: "The trial court erred as a matter of law in denying Appellant Burton Scot Contractors, LLC's Motion to Stay Proceedings Pending Arbitration as it relates to the City of Warren Greenway Bike Trail public improvement project in Warren, Ohio."

## II. Law and Analysis

{¶13} Burton Scot notes that there is a split of authority on whether this court's standard of review is abuse of discretion or de novo. Burton Scot contends that the split is "immaterial" to this case because reversal is required under either standard. Jatsek, on the other hand, contends that this court has "consistently reviewed the denial of a motion to stay proceedings under an abuse of discretion standard."

{¶14} In *McCaskey v. Sanford-Brown College*, 8th Dist. No. 97261, 2012-Ohio-1543, this court recently held that the standard of review in these type of cases depends on the type of question raised regarding the applicability of the arbitration

---

[1]A stay was granted, however, relative to the other two projects. Jatsek had also filed a motion for partial summary judgment relative to the Greenway project, which the trial court granted. That portion of the trial court's judgment is not a final appealable order and therefore is not now before this court.

provision. This court noted that when the issue to be resolved involves "whether a party has agreed to submit an issue to arbitration," a de novo standard applies. *Id.* at ¶ 7, citing *Shumaker v. Saks Inc.*, 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.) and *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482 (8th Dist.).

{¶15} In this case, the trial court ruled that no contract existed for the Greenway project; that is, that the parties did not agree to submit to arbitration any disputes relative to the project. Thus, we review the trial court's decision de novo. A de novo review involves "an appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Black's Law Dictionary* 94 (7th Ed.2001). The issue to be decided in our review is whether a contract existed between Jatsek and Burton Scot for the Greenway project. We find that it did.

{¶16} In so finding, we follow this court's precedent as set forth in *G. Herschman Architects, Inc. v. Ringco Mfg. Co., Inc.*, 8th Dist. No. 67758, 1995 Ohio App. LEXIS 1940 (May 11, 1995). In *Herschman*, Herschman and Ringco entered into discussions in an attempt to reach an agreement through which Herschman would provide Ringco with architectural services in the design of department store display stands. Pursuant to their discussions, Herschman faxed to Ringco a proposal, dated June 23, 1992, in which it outlined the scope of, as well as fees for, the project.

{¶17} The parties engaged in negotiations of the June 23 proposal, and on June 29, 1992, Herschman sent a revised proposal to Ringco. The parties did not sign the revised

June 29 proposal; nonetheless, Herschman began working on the project as outlined in the proposal. Herschman exceeded the number of hours as set forth in the June 29 proposal in performing its duties. The parties attempted to come to an agreement on the reasonable value of Herschman's services, but did not, and Herschman filed suit. The matter proceeded to trial, and the trial court entered judgment in favor of Herschman.

{¶18} On appeal, Ringco argued that the parties never agreed to Herschman's June 29 proposal and, therefore, no written contract between the parties existed. This court disagreed and found that the "terms of the final agreement were reflected in the June 29, 1992 proposal." *Id.* at *10. In so finding, this court reasoned that "conduct sufficient to show agreement, including performance, is a reasonable mode of acceptance" of an offer. *Id.* at *9, citing *Am. Bronze Corp. v. Streamway Prod.*, 8 Ohio App.3d 223, 456 N.E.2d 1295, paragraph two of the syllabus (8th Dist.1982). In *Herschman*, it was

> undisputed by the parties that [Herschman] did engage in the performance of work for the design and manufacture of the display stands. Upon the beginning of the work by [Herschman], there was in effect an actual implied contract that Ringco acquiesced to by its language and conduct.

*Id.*

{¶19} Similarly, in this case, it is undisputed that Jatsek performed work on the Greenway project. On the authority of *Herschman*, upon the start of the work by Jatsek, an actual implied contract was formed to which the parties acquiesced.[2]

---

[2] *See also Nagle Heating & Air Conditioning Co. v. Heskett*, 66 Ohio App.3d 547, 585 N.E.2d 866 (4th Dist.1990) and *Hocking Valley Community Hosp. v. Community Health Plan of Ohio*, 4th Dist. No. 02CA28, 2003-Ohio-4243, both holding that an unexecuted written contract is enforceable if the parties proceeded to act as if the contract was in effect.

**{¶20}** Jatsek alternatively urges that if we find that a contract existed between the parties, that "such agreement 'must yield, at times, when justified by public policy considerations of judicial economy.'" Jatsek's appellate brief, p.4, quoting *Dynamark Sec. Ctrs., Inc. v. Charles*, 9th Dist. No. 21254, 2003-Ohio-2156, ¶ 12. *Dynamark* presented a different scenario, however, than is presented here.

**{¶21}** In *Dynamark*, the plaintiffs, a franchiser and its subsidiary, entered into a franchise agreement with the defendant in 1993; the agreement contained an arbitration clause. In 1996, a dispute between the parties arose, and resulted in the plaintiffs suing the defendant in 1997. Various pretrial proceedings were had, including the filing of and ruling on motions for summary judgment, an injunction proceeding, and mediation. After numerous continuances were sought by both parties, and granted, the case was ultimately set to proceed to trial on February 6, 2002. On January 22, 2002, the plaintiffs filed a motion to stay pending arbitration, which the trial court denied.

**{¶22}** The Ninth Appellate District upheld the denial. In doing so, the appellate court reviewed for an abuse of discretion; our review here, however, is de novo. The appellate court applied the doctrine of waiver in finding that the trial court had not abused its discretion. The Ninth District found that the plaintiffs "acted in a manner inconsistent with their right to seek arbitration, rather than litigation, to resolve their contract dispute with [the defendant]." *Id.* at ¶ 15. Specifically, the plaintiffs did the following: (1) filed the complaint, rather than pursue arbitration in 1997; (2) did not raise the arbitration provision as an affirmative defense in their answer to the defendant's counterclaims; (3)

went through years of trial preparation, including extensive discovery, motion practice, and numerous hearings; (4) filed an amended complaint; and (5) mediated the dispute.

**{¶23}** On that record, the appellate court found that the plaintiffs "waived their right to arbitration [because] they did not properly raise the arbitration provision before the trial court, but instead actively participated in preparing for litigation of the case for five years." *Id.* at ¶ 19.

**{¶24}** This case presents a factual background distinguishable from *Dynamark* for three reasons. First, the party seeking to enforce the arbitration provision, Burton Scot, did not initiate the action as in *Dynamark*; rather it was defending against the action. Second, Jatsek filed the action in June 2011, and Burton Scot filed its motion to stay in July 2011, a stark contrast to the five-year delay in *Dynamark*. And third, because Burton Scot filed its motion to stay approximately one month after Jatsek filed the action, pretrial proceedings here were scant, as opposed to the extensive proceedings that were had in *Dynamark*. Thus, disallowing arbitration in this case would not advance public policy considerations of judicial economy.

**{¶25}** Moreover, resolving disputes through arbitration is generally favored in the law. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 1998-Ohio-294, 700 N.E.2d 859. There is a strong presumption in favor of arbitration, and any doubt should be resolved in favor of arbitrability. *Melia v. OfficeMax N. Am. Inc.*, 8th Dist. No. 87249, 2006-Ohio-4765, ¶15, citing *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 610 N.E.2d 1089 (9th Dist.1992).

**{¶26}** In light of the above, the trial court erred in denying Burton Scot's motion to stay pending arbitration.    Burton Scot's sole assignment of error is therefore sustained.

**{¶27}** Judgment reversed; case remanded.

It is ordered that appellants recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR