JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Margaret Brooks, appeals the August 9, 2007 judgments of the trial court denying her motion for extension of time to conduct discovery on the enforceability of an arbitration clause, and granting defendants-appellees,' Doverwood Estates, Inc. and Harold Schneider (collectively "Doverwood Estates") motion to stay proceedings pending arbitration. We affirm.
 {¶ 2} Brooks initiated this action on April 2, 2007, asserting claims against Doverwood Estates for violating the consumer sales practices act, breach of contract, and breach of implied warranty. The claims arose from a contract entered into between Brooks and Doverwood Estates for the construction of a home in Westlake, Ohio. The contract between the parties contained the following arbitration clause:
 {¶ 3} "Any controversy or claim arising out of or relating to this Agreement, shall be settled by arbitration arranged by the Seller, which arbitration shall be conducted in accordance with the Expedited Dispute Settlement Rules of the American Arbitration Association. The arbitration decision shall be binding upon both Seller and Buyer, and any award or decision rendered by the arbitrator(s) may be entered as a judgment and enforced in any Court having jurisdiction thereof."
 {¶ 4} Doverwood Estates was served with Brooks' complaint on April 12. On May 28, 2007, the court issued a notice that a case management conference was scheduled for June 26, and directed the parties to serve requests for production of documents and interrogatories prior to the conference. *Page 4 
 {¶ 5} The case management conference was held on June 26, and the court ordered a discovery cut-off date of September 26. On July 6, Doverwood Estates filed a motion to dismiss, or alternatively, to stay. Brooks responded to Doverwood Estates' motion to dismiss on July 23, and on the same date also filed a motion for extension of time to conduct discovery on the enforceability of the arbitration clause. Doverwood Estates opposed Brooks' motion on July 27. In two judgments dated August 9, the trial court denied Brooks' motion for an extension of time, denied Doverwood Estates' motion to dismiss, and granted Doverwood Estates' motion to stay.
 {¶ 6} In her sole assignment of error, Brooks contends that the trial court erred in denying her motion for an extension of time to conduct discovery and in granting Doverwood Estates' motion to stay pending arbitration.
 {¶ 7} We review the trial court's ruling on a motion to stay pending arbitration under an abuse of discretion standard. Stasser v. FortneyWeygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621, at 4;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410,701 N.E.2d 1040. Absent a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable, we must affirm the decision of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140. Similarly, the standard in reviewing the trial court's decision regarding a motion for extension of time for discovery is one of abuse of discretion. Kupczyk v. Kuschnir (July 27, 2000), Cuyahoga App. No. 76614, at 6; Miller v. Lint (1980), 62 Ohio St.2d 209,214, 404 N.E.2d 752. *Page 5 
 {¶ 8} It is well recognized that public policy favors and encourages arbitration to avoid needless and expensive litigation. Gerig v.Kahn, 95 Ohio St.3d 478, 2002-Ohio-2581, 769 N.E.2d 381, ¶ 20. An agreement to arbitrate is typically viewed "as an expression that the parties agree to arbitrate disagreements within the scope of the agreement, and, with limited exceptions, such an agreement is to be upheld just as any other contract." Vanyo v. Clear ChannelWorldwide, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482, ¶ 8.
 {¶ 9} The Ohio Arbitration Act is codified in Chapter 2711 of the Ohio Revised Code. It sets forth the trial court's role in construing and enforcing arbitration agreements. Specifically, R.C. 2711.02 governs the issuance of a stay of trial proceedings pending arbitration, and provides the following in subsection (B):
 {¶ 10} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration." R.C. 2711.02(B).
 {¶ 11} Furthermore, R.C. 2711.01(A) provides that:
 {¶ 12} "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then *Page 6 
existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 13} Thus, an arbitration clause is valid and enforceable, unless it is found to be unconscionable. R.C. 2711.01; Williams v. Aetna Fin.Co., 83 Ohio St.3d 464, 473, 1998-Ohio-294, 700 N.E.2d 859.
 {¶ 14} In her motion for an extension of time to conduct discovery, Brooks contended that the language "arranged by Seller" in the arbitration clause is "unclear and, given its lack of clarity, likely unenforceable." Brooks cited the following as examples of the clause's alleged lack of clarity: "[i]s seller going to arrange the arbitration by paying the filing fee and other costs associated with arbitration, or is seller going to arrange the arbitration by making the first phone call." At oral argument, Brooks' counsel confirmed that her concern relative to the arbitration clause was twofold: 1) who would arrange it and 2) who would pay for it. In response, at oral argument, counsel for Doverwood Estates indicated that his client would both arrange the arbitration and pay for it. In light of that exchange, it appears that there is no further concern.
 {¶ 15} Upon review, we find that the trial court did not abuse its discretion by granting Doverwood Estates' motion to stay, and denying Brooks' motion for an extension of time to conduct discovery. The cases cited by Brooks are not helpful to her claim.
 {¶ 16} In Goodwin v. Ganley, Inc., Cuyahoga App. No. 89732,2007-Ohio-6327, this court reversed and remanded the trial court's judgment denying Ganley's motion to stay *Page 7 
proceedings pending arbitration "in light of the court's quick ruling and the insufficiently developed record[.]" Id. at ¶ 15. In that case, Ganley filed its motion on March 19, 2007, and the court denied it three days later, on March 22, without a response from Goodwin. This court noted that pursuant to local rule, Goodwin had seven days to object to Ganley's motion, and the court's expedited ruling on Ganley's motion denied Goodwin the opportunity to object and present evidence regarding the unconscionability of the arbitration clause. Id.
 {¶ 17} Here, Brooks not only had time to object to Doverwood Estates' motion (which she did), but also had time to obtain clarification regarding the arbitration clause. Her complaint was filed in April 2007, Doverwood Estates filed its motion for stay in July 2007, and the motion was ruled on in August 2007. In the time between the filing of her complaint and the August 9 judgments Brooks now challenges, she had an adequate opportunity to clarify her concerns about the arbitration clause. In light of the above, Goodwin is distinguishable from this case.
 {¶ 18} In Harrison v. Toyota Motor Sales, U.S.A., Inc., Summit App. No. 20815, 2002-Ohio-1642, the Ninth District reversed and remanded the trial court judgment granting Toyota's motion to stay proceedings pending arbitration. The Ninth District noted that: "the arbitration clause appears to be pre-printed on the contract and does not contain specific details concerning the arbitration process. Specifically, the clause provides `See General Manager for information regarding arbitration process.'" Id. at ¶ 15. But the vagueness found in theHarrison arbitration clause is not present here and, therefore,Harrison is distinguishable. *Page 8 
 {¶ 19} Similarly, Sikes v. Ganley Pontiac Honda, Inc. (Sept. 13, 2001), Cuyahoga App. No. 79015 ("Sikes I"), and Sikes v. Ganley PontiacHonda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155 ("Sikes II"), are distinguishable from this case. In Sikes I, this court reversed and remanded the trial court's judgment denying Ganley's motion for a stay pending arbitration. The arbitration clause provided, in part, "[s]ee General manager for information regarding arbitration process." Id. at 2. This court held that "there is some indication that the arbitration provision was preprinted and the specific details of the arbitration were not provided to the purchaser." Id. at 6-7.
 {¶ 20} On remand, the parties submitted supplemental briefs regarding the enforceability of the arbitration clause, and the trial court ruled that the clause was unconscionable and, thus, unenforceable. SikesII, at ¶ 6. This court, however, reversed and remanded, finding that "it is incumbent upon the complaining party to put forth evidence demonstrating that the clause is adhesive and, moreover, that as a result of the adhesive nature, the clause is unconscionable." Id. at ¶ 15. Sikes failed to do that. Id. at ¶¶ 16-24.
 {¶ 21} Here, Brooks' sole argument for unenforceability of the arbitration clause centers on the language "arranged by Seller." We are not persuaded the language is unclear. Moreover, as previously mentioned, Brooks' concerns about the arbitration clause were answered by Doverwood Estates' counsel at oral argument.
 {¶ 22} Finally, Brooks cites the case of Berger v. Cantor FitzgeraldSecurities (1996), 942 F.Supp. 963, in support of her argument that she should have been allowed to conduct discovery. In Berger, an employee broker of a securities firm opposed the firm's requirement *Page 9 
of arbitration when he was discharged. In his motion opposing arbitration, Berger averred in an affidavit that at the time he began his employment with Cantor Fitzgerald, he was given a blank document, which he later discovered was a Uniform Application for Securities Industry Registration for Transfer, and was told to sign it. The document contained an arbitration clause providing that disputes arising out of Berger's employment would be submitted to mandatory arbitration. In holding that discovery was needed to decide whether an agreement to arbitrate was reached, the court relied on Berger's claim that he never agreed to arbitrate:
 {¶ 23} "Berger asserts that he was told only to fill out an `application to become a registered government securities broker,' that he `was given no more than five minutes to do so,' that Cantor `never mentioned the word arbitration,' and that an unnamed woman in Cantor's Compliance Department simply instructed him `to put [his] social security number at the top of each page, * * * to fill in the necessary information and sign at the bottom of the last page.' Plaintiff also asserts that Cantor never provided him with a copy of the NASD Manual sections necessary for Plaintiff to understand the content and scope of the arbitration clause. Plaintiff thus concludes that any agreement to arbitrate was the involuntary result of misrepresentation, high pressure tactics, and unfair dealing." Id. at 965 (internal cites omitted).
 {¶ 24} Here, Brooks did not provide an affidavit and, certainly does not claim that she was unaware that, by signing the contract, she was agreeing to arbitration. Rather, as already stated, Brooks claims that the language "arranged by Seller" is unclear. As already discussed, however, we are not persuaded, and Brooks' concerns were addressed by *Page 10 
Doverwood Estates' counsel at oral argument. Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY *Page 1