[Cite as *Force Indoor Sports L.L.C. v. Domestic Linen Supply Co., Inc.*, 2017-Ohio-7317.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104788**

# FORCE INDOOR SPORTS L.L.C., ET AL.

PLAINTIFFS-APPELLEES

vs.

# DOMESTIC LINEN SUPPLY CO., INC., D.B.A. DOMESTIC UNIFORM RENTAL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-849957

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEYS FOR APPELLANT**

James G. Kozelek
Weltman Weinberg & Reis Co., L.P.A.
3705 Marlane Drive
Grove City, Ohio 43123

Daniel A. Friedlander
Weltman Weinberg & Reis Co., L.P.A.
323 West Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEES**

Lawrence J. Rich
Zashin & Rich Co., L.P.A.
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1}  Defendant-appellant, Domestic Linen Supply Company, Inc. ("Domestic"), appeals from the trial court's denial of its motion to stay pending arbitration.  For the reasons set forth below, we affirm.

{¶2}  Plaintiffs-appellees, Force Indoor Sports L.L.C., Force Indoor Sports Fairlawn L.L.C., Force Indoor Sports Richmond L.L.C., Force Indoor Sports Rocky River L.L.C. (collectively referred to as "Force"), operate several indoor sports facilities.  In November 2012, Force entered into a "rental agreement" with Domestic in which Domestic was to supply the various Force locations with soap and hand sanitizer, the dispensers, paper supplies, floormats, and other products.  Paragraph 15 of the agreement provided that "[i]n the event of any controversy or claim in excess of $10,000 arising out of or relating to [the] agreement, * * * shall be submitted to and settled by arbitration[.]"

{¶3}  Disputes between the parties arose over payments and services under the agreement.  Force was dissatisfied with the quality of Domestic's services.  Force addressed its concerns with Domestic.  Force then gave Domestic written notice on April 23, 2015, that it was terminating the rental agreement.  Thereafter, on August 5, 2015, Domestic filed a demand for arbitration seeking relief in the amount of $46,854.77 plus 18 percent interest from April 6, 2015, and attorney fees and costs.

{¶4}  In response, Force and G.R. Rodenfels (the general manager) filed a complaint against Domestic on August 19, 2015, which it later amended in December 2015.  In its amended complaint, Force  sought damages in excess of $25,000 for

Domestic's alleged (1) failure to provide supplies that were required, (2) overcharging of services that were not rendered, (3) and oversupplying or undersupplying the requirements in the rental agreement. Force further sought a declaratory judgment that the arbitration clause in the agreement is unenforceable.

**{¶5}** On October 12, 2015, Domestic filed a motion to stay the civil proceedings pending arbitration, which it later amended in January 2016. Force opposed, arguing that the arbitration clause was not controlling, the demand for declaratory judgment must be tried prior to arbitration, and the agreement is unconscionable. In July 2016, the trial court denied Domestic's motion to stay the proceedings pending arbitration, without opinion.

**{¶6}** It is from this order Domestic appeals, raising the following single assignment of error for review.

## Assignment of Error

The trial court erred in not staying [Force's] claims because the arbitration agreement is enforceable in conformity with Ohio's Arbitration Act[.]

**{¶7}** We recognize that Ohio public policy favors enforcement of arbitration provisions. Arbitration is encouraged as a method of dispute resolution, and a presumption favoring arbitration arises when the claim in dispute falls within the arbitration provision. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 1998-Ohio-294, 700 N.E.2d 859. Ohio's policy of encouraging arbitration has been declared by the legislature through the Ohio Arbitration Act, R.C. Chapter 2711. *Goodwin v. Ganley, Inc.*, 8th Dist. Cuyahoga No. 89732, 2007-Ohio-6327, ¶ 8.

**{¶8}** R.C. 2711.01(A) provides that an arbitration agreement in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist in law or equity for the revocation of any contract." Ohio law directs trial courts to grant a stay of litigation in favor of arbitration pursuant to a written arbitration agreement on application of one of the parties, in accordance with R.C. 2711.02(B), which provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Contract Provisions in Dispute

**{¶9}** Force's amended complaint references the liquidated damages, arbitration, and loser-pay provisions of the rental agreement. The provisions provide as follows:

14. The parties agree that in the event of a breach of this agreement by the

Customer, the Company shall be entitled to agreed liquidated damages in an amount equal to fifty (50%) of the gross anticipated receipts hereunder for the unexpired term of this agreement, or any extension thereof.   The parties agree that this 50% is equivalent to gross profit, consisting of fixed costs and net profit.   Gross anticipated receipts shall be calculated as the product of the number of weeks remaining under the contract from the date of breach to the expiration date times the greater of (a) the actual weekly billing amount at time of termination of service, or (b) the minimum delivery charge agreed to under this contract.

15.   In the event of any controversy or claim in excess of $10,000 arising out of or relating to this agreement * * * the question, controversy, or dispute shall be submitted to and settled by arbitration to be held in the city closest to the city in which the branch office of the Company which serves the Customer is located.   Said arbitration shall be held in accordance with the then prevailing commercial arbitration rules of the American Arbitration Association except any rules which require the parties to use the American Arbitration Association as their sole Arbitration Administrator.   * * * The filing party may use either court or arbitration where the claim is less than $10,000.   * * *   The judge or arbitrator shall include as part of the award all costs including reasonable attorney fees and arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement.

{¶10} In Domestic's demand for arbitration, it sought relief in the amount of "$46,854.77, plus 18 percent interest from April 6, 2015, plus attorney fees of $14,056.42, plus costs."   Domestic's demand is based on the rental agreement's liquidated damages provision and the arbitration provision's loser-pays provision. Force's complaint sought both monetary damages in excess of $25,000 for Domestic's alleged breach of the rental agreement and a declaratory judgment.  Specifically, Force sought a declaratory judgment that the rental agreement's liquidated damages, arbitration, and loser-pays provisions are unconscionable and unenforceable.

{¶11} Domestic argues that because Force's claim for damages exceeded $10,000, the arbitration provision applies, and Force should have pursued its claim through arbitration. Force argues, inter alia, that its complaint was properly filed in the common pleas court because its sought a declaratory judgment.

{¶12} In the instant case, however, the trial court did not make a determination as to unconscionability of the above provisions. Rather, it decided that it had authority to retain the case and make that determination. Thus, the issue on appeal is whether the trial court's decision was proper.

{¶13} We find *Frame v. Domestic Linen Supply & Laundry Co.*, 4th Dist. Adams No. 98CA660, 1999 Ohio App. LEXIS 1232 (Mar. 19, 1999), instructive. In *Frame*, the parties entered into a contract where Domestic was to provide laundry services for Frame. Frame filed a breach of contract action seeking a declaratory judgment terminating the contract. Domestic filed a motion to compel private arbitration under the terms of the contract. The trial court denied the motion stating that it did not apply to Frame's equitable action and set the matter for court-conducted arbitration. The court arbitration proceedings resulted in a finding that the contract should be terminated. On appeal, Domestic complained the trial court erred in not submitting the matter to private arbitration. *Id.* at *1-4.

{¶14} The Fourth District Court of Appeals noted that the arbitration agreement between the parties gave the filing party the option of using the trial court, rather than the American Arbitration Association ("AAA"), to resolve a claim for less than $5,000. As

a result, the court found that Frame was "free to file its claim in court" because it sought "equitable relief: a declaratory judgment terminating the Rental Agreement and an injunction preventing Domestic from attempting to enforce the Rental Agreement." *Id.* at \*6. The court reasoned that "[b]ecause [Frame] sought only equitable relief, by definition the claim had no monetary value."

{¶15} Similarly, in the instant case, the arbitration agreement provides that "[t]he filing party may use either court or arbitration when the claim is less than $10,000." While both parties seek monetary damages in excess of $10,000, the declaratory judgment issue must be resolved first. In doing so, the trial court should decide whether the provisions in dispute are unconscionable. *See Barhorst, Inc. v. Hanson Pipe & Prods. Ohio, Inc.*, 169 Ohio App.3d 778, 2006-Ohio-6858, 865 N.E.2d 75 (3d Dist.) (where the court found that declaratory judgment issue must be resolved prior to proceeding with arbitration. "[U]ntil that issue is resolved, any decision by an arbiter is meaningless." *Id.* at ¶ 11.)

{¶16} Therefore, based on the foregoing, the trial court's denial of Domestic's motion to stay is proper.

{¶17} The sole assignment of error is overruled.

{¶18} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR